T.C. Summary Opinion 2005-65

UNITED STATES TAX COURT

DANIEL A. AREGONI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2708-04S.                    Filed May 24, 2005.

Daniel A. Aregoni, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,319 for the taxable year 2000.

The issue for decision is whether petitioner is entitled to deduct $26,385 for job expenses and other miscellaneous deductions.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois, on the date the petition was filed in this case.

Petitioner was a financial consultant who was employed by Merrill Lynch, Pierce, Fenner & Smith (Merrill Lynch) during the taxable year 2000. During the year in issue, Merrill Lynch had a reimbursement policy which stated:

> [petitioner] * * * [is] entitled to be reimbursed for certain limited expenses, but * * * [is] also expected to incur expenses necessary to the job for which he would not be reimbursed. Such expenses, ordinary in this business, include travel and transportation, as well as promotional and entertainment expenses, incurred in calling on customers of Merrill Lynch for the purpose of creating sales through investment discussions.

During taxable year 2000, petitioner requested reimbursement for expenses of $4,866.38 incurred in furtherance of his job. Merrill Lynch reimbursed petitioner for all of the requested

expenses.[1]  Petitioner did not request any further reimbursement
from Merrill Lynch during taxable year 2000.  Petitioner's
employment at Merrill Lynch was terminated in June of 2000.

Petitioner reported the following job expenses and other
miscellaneous deductions on line 23 of Schedule A, Itemized
Deductions, of his Federal income tax return for the taxable year
2000:

| Description | Amount |
|---|---|
| Form 2106-EZ | $43,038 |
| Tax preparation fees | 350 |
| Brokerage account fees | 1,685 |
| Depreciation | 597 |
| Total | 45,670 |

On Form 2106-EZ, Unreimbursed Employee Business Expenses,
petitioner reported the following expenses:

| Description | Amount |
|---|---|
| Parking fees, tolls, etc. | $3,100 |
| Travel expenses | 27,159 |
| Other business expenses | 8,718 |
| Meals and entertainment | 4,061 |
| Total | 43,038 |

On statement 3 attached to petitioner's return, petitioner
reported that the other business expenses consisted of the
following items:

---

[1]One such expense reimbursed by Merrill Lynch appears to
have been requested for reimbursement twice by petitioner and was
actually reimbursed twice by Merrill Lynch.

| Description | Amount |
|---|---|
| Business telephone | $3,420 |
| Client gifts | 2,248 |
| Office supplies | 2,725 |
| Subscriptions | 325 |
| Total | 8,718 |

Following an examination of petitioner's 2000 return, respondent issued a notice of deficiency disallowing job expenses and other miscellaneous deductions of $45,670.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. We decide the issue in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of section 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is

entitled to the claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). With these well-established propositions in mind, we must determine whether petitioner has satisfied his burden of proving that he is entitled to deductions for job expenses and other miscellaneous deductions in excess of the $19,285 conceded by respondent.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. For an expense to be "ordinary" the transaction that gives rise to the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, supra at 113-114. The performance of services as an employee constitutes a trade or business. See sec. 1.162-17(a), Income Tax Regs. The employee must show the relationship between the expenditures and the employment. See Evans v. Commissioner, T.C. Memo. 1974-267. The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a

general rule, if the trial record provides sufficient evidence
that the taxpayer has incurred a deductible expense, but the
taxpayer is unable to adequately substantiate the precise amount
of the deduction to which he or she is otherwise entitled, the
Court may estimate the amount of the deductible expense, bearing
heavily against the taxpayer whose inexactitude in substantiating
the amount of the expense is of his own making, and allow the
deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540 (2d
Cir. 1930).  However, in order for the Court to estimate the
amount of an expense, the Court must have some basis upon which
an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731,
742-743 (1985).  Without such a basis, any allowance would amount
to unguided largesse.  Williams v. United States, 245 F.2d 559,
560-561 (5th Cir. 1957).

In the case of travel expenses, entertainment expenses, and
expenses paid or incurred with respect to listed property, e.g.,
passenger automobiles, section 274 overrides the Cohan doctrine,
and expenses are deductible only if the taxpayer meets the
section's stringent substantiation requirements.  Secs. 274(d),
280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968),
affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary
Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Section 274(d) specifically provides:

> SEC. 274(d). Substantiation Required.--No deduction or
> credit shall be allowed--

(1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,

(3) for any expense for gifts, or

(4) with respect to any listed property (as defined in section 280F(d)(4)),

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

This section "contemplates that no deduction or credit shall be allowed a taxpayer on the basis of such approximations or unsupported testimony of the taxpayer." Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, log, statement of expenses, trip sheet, or similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expense or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's record of the elements of expenditure or use must have

"a high degree of probative value to elevate such statement and evidence" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Thus, no deduction for expenses under section 274(d) may be allowed on the basis of any approximation or the unsupported testimony of the taxpayer. See, e.g., Murata v. Commissioner, T.C. Memo. 1996-321; Golden v. Commissioner, T.C. Memo. 1993-602.

In this case, petitioner has attempted to substantiate his expenditures through secondary and incomplete documentation. In particular, petitioner offered credit card statements and a reconstructed summary of his expenditures. Respondent reviewed petitioner's documents and, after performing a perfunctory analysis, contends that most of the expenditures were for transportation and entertainment. Respondent further contends that the submitted documents do not meet the more stringent requirements of section 274(d). Petitioner, on the other hand, contends that all of the relevant expenditures represented by these documents were incurred in connection with his financial consulting business activity.

At trial, petitioner testified that the original documents, which substantiate his claimed job expenses and other miscellaneous deductions, are on his hard drive and in files at Merrill Lynch. However, petitioner has not submitted those

documents in the record before this Court.  Petitioner claims that Merrill Lynch will not turn over the documents.  Respondent notified petitioner of the possibility of subpoenaing the documents and continuing this case in an attempt to obtain them. Petitioner did not avail himself of the opportunity either to continue this case or to subpoena the alleged documents.

Moreover, petitioner testified that he could not explain, as to each entertainment expenditure, who he met with or what the expense was incurred for, and he could not explain as to airline expenditures what was the objective of the trip or the destination.  As to the other claimed job expenses and miscellaneous deductions, petitioner stated:  "It'd be impossible to give * * * the exact name and prospect" for each expenditure.

We have taken into consideration petitioner's testimony and incomplete records, and we conclude that petitioner failed to satisfy the requirements of sections 162 and 274 as to any expenditures in excess of the $19,285 respondent conceded.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.